UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE TORRES, on behalf of all others similarly situated,

                          Plaintiff,

-against-

KOHLBERG, KRAVIS, ROBERTS & CO L.P., CONOPCO, INC., and UPFIELD US INC.,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2021

1:20-cv-05025 (MKV)

**ORDER DENYING MOTION TO TRANSFER, DISMISS, OR STAY**

MARY KAY VYSKOCIL, United States District Judge:

      In this case, Plaintiff Josephine Torres seeks to represent a class consisting of all persons who, between June 16, 2014 and the present, purchased, in any state other than California and Missouri, any bottle of "I Can't Believe It's Not Butter!" Spray ("ICBINB Spray"). *See* Complaint [ECF No. 1] ("Cpl.") ¶¶ 121-129. Defendants have moved [ECF No. 35] to transfer this action, or in the alternative to dismiss or stay the case, based on the existence of a long-running case asserting similar claims in the United States District Court for the Northern District of California: *Pardini v. Unilever United States, Inc.*, No. 4:13-cv-01675 (the "*Pardini* Action"). For the reasons that follow, the motion is DENIED.

      Defendants rely on the "first-filed doctrine" in urging the Court to defer to the prior pending California case. That rule, intended to deter forum shopping and to avoid duplicative litigation, provides that "[w]here there are two competing lawsuits, the first suit should have priority." *N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). However, the first-filed rule only "applies when identical or substantially similar parties and claims are present in both courts." *Pippins v. KPMG LLP*, No. 11-cv-0337 (CM), 2011 WL 1143010, at *2

1

(S.D.N.Y. Mar. 21, 2011).  The rule "is not to be applied in a 'rigid' or 'mechanical' way." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 392 (S.D.N.Y. 2014) (citation omitted).  Instead, "the district court . . . is required to 'consider the equities of the situation when exercising its discretion.'"  *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) (quoting *Naula v. Rite Aid of N.Y.*, No. 08-cv-11364 (PGG), 2010 WL 2399364, at *3 (S.D.N.Y. Mar. 23, 2010)).

It is not clear that the parties in this action are substantially similar to the parties in the *Pardini* Action.  The *Pardini* Action names as a defendant Unilever United States, Inc., the former owner of the "I Can't Believe It's Not Butter" brand, which is not named as a defendant in this case.  *Pardini* SAC ¶ 15.[1]  Plaintiff here has named Conopco, Inc., a subsidiary of Unilever United States that was responsible for manufacturing and distributing ICBINB Spray in the United States prior to 2018.  Cpl. ¶ 3.[2]  Conopco and Unilever United States do not necessarily share the "same interest" simply because one is a subsidiary of the other.  *See, e.g.*, *Davidson Well Drilling, Inc. v. Bristol-Myers Squibb Co.*, No. 09-cv-1431 (SAS), 2009 WL 2135396, at *5 (S.D.N.Y. 2009)  ("[A] parent and its subsidiary may not always share the same interests . . . ." (citations omitted)); *Gulf Islands Leasing, Inc. v. Bombardier Cap., Inc.*, 215 F.R.D. 466, 473 (S.D.N.Y. 2003) ("While cases have upheld assertions of the common interest rule for related companies, 'they have done so only upon a showing that a common attorney was representing both corporate entities or that the two corporations shared a common legal interest.'" (quoting *Bowne of N.Y.C., Inc. v. AmBase Corp.*, 150 F.R.D. 465, 491 (S.D.N.Y.

---

[1] As used herein, "*Pardini* SAC" refers to the Second Amended Class Action Complaint filed in the *Pardini* Action.

[2] To the extent facts are necessary to the disposition of this motion to transfer or dismiss, the Court draws all facts from Plaintiff's complaint and accepts them as true for the purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1993))). While Defendants here are represented by the same counsel as in the *Pardini* Action, no other representation as to the companies' similar interest has been made. In addition, Plaintiff names two entities as defendants in this case that are not involved in the *Pardini* Action: Upfield US, Inc., an entity formed to continue manufacturing and distributing ICBINB Spray after the brand was purchased in 2018, and Kohlberg, Kravis, Roberts & Co L.P. ("KKR"), which manages the investment funds that purchased the brand that year. *See* Cpl. ¶¶ 2, 4.

The flaw in Defendants' argument is exacerbated by the differences between the claims in this case and the *Pardini* Action. While both Plaintiff here and the plaintiff in the *Pardini* Action focus on allegedly false representations that ICBINB Spray is a healthy alternative to traditional butter, *see* Cpl. ¶¶ 16-29; *see also Pardini* SAC ¶¶ 18-38, the complaint in this case asserts a class period beginning in 2014, after the *Pardini* Action was filed. Cpl. ¶ 129. As a result, Plaintiff here is complaining about a different harm entirely than the ones about which the plaintiff in the *Pardini* Action does, or even could since the action was commenced before the putative class period in this case began. This alone is enough to hold that the claims are not substantially similar for the purposes of the first-filed rule. *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 348 (E.D.N.Y. 2019) ("In contrast, where, as here, the plaintiff in the later-filed action would not be included in the first-filed action, courts have correctly declined to apply the first-filed rule." (first citing *Lloyd v. J.P. Morgan Chase & Co.*, No. 11-cv-9305 (LTS), 2012 WL 3339045, at *2 (S.D.N.Y. Aug. 14, 2012), and then citing *Burns v. Gerber Prods. Co.*, No. CV-12-5027-EFS, 2012 WL 8251405, at *2-3 (E.D. Wash. Sept. 4, 2012))).

Defendants are, of course, correct that there are other elements of this case that are particularly similar to the *Pardini* Action. Both the complaint in this case and the complaint in the *Pardini* Action assert certain similar (if not identical) claims, including claims for fraud by

concealment, breach of an express warranty, and intentional misrepresentation. *Compare* Cpl. ¶¶ 147-151 (Fraud By Concealment), 152-159 (Express Warranty), 160-163 (Intentional Misrepresentation), *with Pardini* SAC ¶¶ 97-102 (Fraud By Concealment), 103-108 (Express Warranty), 109-113 (Intentional Misrepresentation). In support of those claims, both this action and the *Pardini* Action rely on text on the label of ICBINB Spray that reports that the product has "0 calories" and "0g Trans Fat." Cpl. ¶ 36; *Pardini* SAC ¶ 25. Similarly, the complaint in this case copies verbatim the rhetoric used in the *Pardini* SAC. *Compare* Cpl. ¶ 109 ("The internet is replete with complaints echoing that of the named plaintiff. For example, a contributor to the website "sparkpeople.com" writes, "I agree that most nutritional information can be misleading, but the butter spray takes the cake! Based on their logic, Doritos could advertise their chips as being 0 cal and 0 fat if they dropped the serving size down to half a chip."), *with Pardini* SAC ¶ 61 (identical allegation). More suspect, if legally less significant, among counsel to Plaintiff in this case is a lawyer who also is among the counsel to the plaintiff in the *Pardini* Action: Ureka Idstrom. And, the Court would be remiss not to note, as Defendants do, that the complaint in this case was filed within days of the *Pardini* Action court denying Plaintiff's motion for class certification there, and that this action is the fourth case asserting similar claims, all of which involved Ms. Idstrom. *See* Memorandum of Law in Support of Motion [ECF No. 36] at 2 n.1, 5. None of these issues overcomes the clear instruction that two cases are not "substantially similar" where the claims included in the later-filed case are not or could not be included in the earlier-filed case in some form.

      Finally, in addition to the dissimilarity between the cases, the Court cannot grant Defendants' request for transfer for the separate reason that it is unclear whether Plaintiff even could bring her claims in California at all. Purported lead plaintiff Jacqueline Torres, a New

York domiciliary, purchased ICBINB Spray in New York.  Cpl. ¶ 1.  Under clear Supreme Court precedent, Plaintiff could not establish specific jurisdiction in connection with her claims in California.[3]  *Bristol-Myers Squibb Co. v. Superior Ct.*, __ U.S. __, 137 S. Ct. 1773, 1781 (2017) ("What is needed . . . is a connection between the forum and the specific claims at issue.").  Because transfer pursuant to the first-filed doctrine also considers the same factors as transfer under 28 U.S.C. § 1404, *see Sam v. Selip & Stylianou, LLP*, No. 15-cv-2780 (JS) (GRB), 2015 WL 9462109, at *3 (E.D.N.Y. Dec. 28, 2015) ("The first-filed rule does not supersede the Court's Section 1404(a) inquiry . . . ."), the Court can only order this case transferred to California if it could have been brought there originally.  28 U.S.C. § 1404(a); *see also Travis*, 284 F. Supp. 3d at 348 (refusing to transfer or dismiss an action under the first-filed doctrine because, among other reasons, "the parties dispute whether plaintiff could maintain her action against defendants in the Middle District of Pennsylvania [where the putative first-filed action was pending].").  Nor could Plaintiff, despite this prejudice, have her interests vindicated as an absent class member in the pending California litigation since, as noted above, Plaintiff's claims post-date the filing of the *Pardini* Action.[4]

Finally, Defendants alternatively ask this Court to dismiss Plaintiff's claims or stay this case pending further proceedings in the *Pardini* Action.  The Court declines to do either because Defendants have failed to explain why the Court should prejudice Plaintiff in that way, especially where the claims and parties between the two actions are not substantially similar.  *See*

---

[3] General jurisdiction is also inappropriate in California over any of the Defendants here, as they are incorporated and have their principal places of business only in New York, New Jersey, and Delaware.  Cpl. ¶¶ 2-4; Reply Memorandum of Law in Support of Motion [ECF No. 39] at 8.

[4] This assumes any class that includes Plaintiff could or will be certified in the *Pardini* Action.  While the *Pardini* SAC sought to certify a nationwide class, *see Pardini* SAC ¶ 85, the plaintiff apparently abandoned that argument as without merit during briefing on the motion for class certification.  *See* Memorandum in Opposition to Motion [ECF No. 38] at 6-7 (discussing the *Pardini* Action).  The court later denied class certification in its entirety in the *Pardini* Action.  *Id.*

*Travis*, 284 F. Supp. 3d at 348.  Nor will the Court dismiss KKR, Conopco, or both at this stage, as Defendants seem to request.  *See* Memorandum in Support of Motion at 5 ("Two of these parties are improper.").  Defendants have provided at best scant argument for why any of the three Defendants named in this case is not properly named based on the allegations in Plaintiff's complaint.

This case will remain in this District before this Court.  This is not to say, of course, that the proceedings in the *Pardini* Action will be of no relevance to this action.  Indeed, Defendants may be able to raise arguments which were successful in that case in this one, and the Court will consider the *Pardini* court's reasoning based on its persuasive value.  The Court is sympathetic to Defendants' claims of forum shopping and gamesmanship and does not condone Plaintiff's tactics.  But legally, this case is distinct enough from *Pardini* to survive Defendants' efforts to consolidate the actions in California.

For those reasons, Defendants' motion [ECF No. 35] to transfer this action to the Northern District of California, or in the alternative to dismiss or stay this action pending final judgment in the *Pardini* Action, is DENIED.  Defendants are directed to file their Answer to Plaintiff's complaint on or before October 12, 2021.

The Clerk of Court respectfully is requested to terminate the motion at ECF No. 35.

**SO ORDERED.**

Date:  **September 20, 2021**
       **New York, NY**

_____
                   **MARY KAY VYSKOCIL**
                   **United States District Judge**