UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE TORRES, on behalf of all others similarly situated,

Plaintiff,

-against-

KOHLBERG, KRAVIS, ROBERTS & CO L.P., CONOPCO, INC., and UPFIELD US INC.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/9/2021

1:20-cv-05025 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

The Court has carefully reviewed the parties' letters regarding Defendants' contemplated second motion to dismiss this action [ECF Nos. 45, 47]. Defendants previously moved for "an Order, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), to dismiss, transfer, or stay this case pursuant to the first-to-file rule given the pendency of an earlier filed case in the Northern District of California" [ECF No. 35; *see* ECF Nos. 36, 39]. The Court denied that motion [ECF No. 44]. Defendants now seek leave to file another motion to dismiss, "pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)," arguing that Plaintiff lacks standing and fails to state a claim [ECF No. 45]. Plaintiff argues that "Defendants' request to file a second Rule 12(b) motion must be denied . . . because Rule 12(g) forbids filing successive motions to dismiss" [ECF No. 47].

Plaintiff is correct that Rule 12(g) generally prohibits a party from "mak[ing] another motion" under Rule 12 after failing to "rais[e] a defense or objection that was available to the party but omitted from [the] earlier motion." Fed. R. Civ. P. 12(g)(2). However, there is an exception for arguments based on lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3) . . . ."), 12(h)(3) ("If the court determines at

1

any time that it lacks subject-matter jurisdiction, the court must dismiss"); *see also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000). Accordingly, Defendants may file a second motion to dismiss based on lack of subject matter jurisdiction only. Defendants may not argue failure to state claim.

IT IS HEREBY ORDERED that Defendants' motion is due November 19, 2021. Their brief may not exceed ten pages. Plaintiff's opposition is due December 6, 2021. Any reply is due December 10, 2021.

The Clerk of Court respectfully is requested to terminate the letter motion at ECF No. 45.

**SO ORDERED.**

Date: **November 9, 2021**  
**New York, NY**

*[signature: Mary Kay Vyskocil]*  
**MARY KAY VYSKOCIL**  
**United States District Judge**