USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __9/7/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPHINE TORRES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHLBERG, KRAVIS, ROBERTS & CO L.P., a New York corporation, CONOPCO, INC., a New York corporation, and UPFIELD US INC., a Delaware corporation,<br><br>Defendant. | Case No.   1:20-cv-05025<br><br>Hon. Mary Kay Vyskocil<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, Plaintiff and Upfield US Inc. (each, a "Party" and collectively, the "Parties") having agreed to the following, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any Party or non-party may designate any document or information, in whole or in part, as confidential if counsel for said Party or non-party determines, in good faith, that said document or information, in whole or in part, constitutes information that is proprietary, a trade secret, competitively sensitive, or otherwise sensitive non-public information. Each Party or non-party that designates information or items for protection under this Protective Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards as set forth above or otherwise as set forth in the Federal Rules, local rules, Court orders, and applicable caselaw. If only a portion or portions of the material on a page or within a larger file, dataset, or other item within the scope of this Order qualifies for protection, to the extent practicable and feasible, the designating Party or non-party must clearly designate the portion or portions subject to the protection. . Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Confidential Information shall not include any information that is: (i) generally available in the public domain; (ii) subsequently made generally available in the public domain, through no violation of this Protective Order by any Party or Permitted Person (as defined below); or (iii) approved for general release by written authorization of the Party and/or non-party who owns or controls the information (iv) disclosed to the receiving party by a third party

lawfully possessing such information and under no obligation of confidentiality, provided, however, that any third party or non-party producing documents in connection with this case may designate documents as "Confidential" consistent with the terms of this Protective Order; or (v) developed independently by the receiving party or any employee or designated agent thereof independently and without any use whatsoever of confidential information received by the receiving party under this Protective Order.

3. The Confidential Information disclosed will be held and used by the Party and Permitted Persons receiving such information solely for use in the prosecution and or defense of the above-referenced action (the "Action"). In the event a legal demand or request for Confidential Information is made on the receiving Party other than by the Court in the Action, the receiving Party shall give prompt notice to counsel for the producing party of such demand or request so it may at its cost and expense seek confidentiality protection or restrict the information to be disclosed. In such case the receiving Party shall only disclose the information subject to such confidentiality protection or restriction.

4. In the event one Party challenges another Party's or non-party's designation of confidentiality, disclosure or use hereunder, counsel for the Parties and/or non-party shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party or non-party that Confidential Information disclosed in this case is relevant or admissible. Each Party or non-party reserves the right to object to the use or admissibility of the Confidential Information.

5. Confidential Information shall not be disclosed to any person other than the following "Permitted Persons":

a. Each Party, provided, however, that Plaintiff agrees to execute Exhibit A hereto;

b. Counsel of record for each Party, and members and associates of their firms, and employees of those firms assigned to assist counsel in the prosecution, defense, or settlement of this litigation, including but not limited to paralegals and secretaries;

c. Inside counsel of a Party and that Party's internal paralegals, secretaries, and clerical staff assigned to assist in the prosecution, defense, or settlement of this litigation;

d. The Parties' experts and consultants (hereinafter "Experts"), including employees of the firm with which the Expert is associated or independent contractors who assist the Expert's work in this litigation, upon the condition that the Experts, for themselves, their employees, independent contractors, and staff members, shall agree in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A;

e. The officers and employees of the Parties who are responsible for or directly involved in the prosecution, defense, or settlement of this litigation;

f. Deposition and trial witnesses to the extent necessary for their testimony, provided they agree in writing to be bound by the terms of this Protective Order, as set forth in Exhibit A and such witness shall not be permitted to retain a copy, or any notes or other memorialization, of any such Confidential Information;

g. Any court having jurisdiction over proceedings in this litigation or over individuals subject to this Protective Order;

h. Clerical and ministerial service providers (excluding any court employees), such as outside copying support personnel, e-discovery vendors, and trial presentation

vendors retained by the Parties or their counsel;

i. Any person who was either an author or recipient of the information in question prior to the intended disclosure in this case;

j. Witnesses who are currently or formerly employed by the Parties and have been demonstrated either (i) to have participated in the preparation of such Confidential Information, or (ii) currently to have a legitimate right of access to such Confidential Information.

6. Each Party who obtains an executed copy of Exhibit A hereto shall be under an affirmative obligation to preserve and maintain such Exhibit A. Before disclosing or displaying the Confidential Information to any Permitted Person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the prosecution or defense of the Action and has enjoined the disclosure of the information or documents to any other person other than Permitted Persons (and that such person may not further disclose the Confidential Information without the approval of counsel for the Party with whom Permitted Person is associated or engaged); and

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers,

taxpayer identification numbers, financial account numbers, passwords, birthdates, names of minors, and information that may be used for identity theft) exchanged in discovery shall be deemed "CONFIDENTIAL" and are to be redacted and must remain redacted in any filing.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal. However, per paragraph 8 above, all PII shall be redacted before filing.

10. At the conclusion of the Action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or non-party or certified in writing as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will be used solely for the enforcement of any order or settlement of the Action and that those files will remain protected and not disclosed other than within counsel's office and to its employees with a need to access such information for the purposes stated in this paragraph 10.

11. By and through their undersigned counsel, the parties agree to be bound by this Stipulated Protective Order, as set forth above, prior to it being "so ordered" by the Court. Once it is "so ordered" by the Court, the parties agree to be bound by the Order in the form as entered by the Court.

**SO STIPULATED AND AGREED.**

8-25-23 _/s/ Mike Lustrom_  
Dated:  
Counsel for Plaintiff

8-25-23 _/s/_  
Dated:  
Counsel for Upfield US Inc.

**SO ORDERED.**

_____
**HON. MARY KAY VYSKOCIL**
**United States District Judge**

**Dated:**   September 7, 2023
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPHINE TORRES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHLBERG, KRAVIS, ROBERTS & CO L.P., a New York corporation, CONOPCO, INC., a New York corporation, and UPFIELD US INC., a Delaware corporation,<br><br>Defendant. | Case No.   1:20-cv-05025<br><br>(Hon. Mary Kay Vyskocil)<br><br>**AGREEMENT (EXHIBIT A)** |

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the prosecution or defense of the above-referenced action.


Dated: _____

_____
(Name)


Signed in the presence of:

_____
(Attorney)